# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER REGALADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CYNTHIA Y. TAMPKINS, Warden of California Rehabilitation Center, Norco,<br><br>　　　　Defendant. | CASE NO. 1:14-CV-1612 SMS<br><br>ORDER RE PETITIONER'S REQUEST FOR STAY AND ABEYANCE |

　　　Petitioner Christopher Regalado is a state prisoner with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed his petition with this Court on October 15, 2014, and in it requests a stay and abeyance pending resolution of unexhausted claims.

**I.　　PROCEDURAL BACKGROUND**

　　　On February 22, 2012, the Kern County Superior Court sentenced Petitioner to the California State Department of Corrections and Rehabilitation for a prison term of six years and four months, following a jury verdict of two counts of robbery, one count of burglary, and a finding that Petitioner had personally used a knife during the commission of those crimes.

　　　In the California courts, Petitioner pursued both a direct appeal and petition for a writ of habeas corpus. Petitioner filed an appeal of his conviction in the California State Court of Appeal, Fifth Appellate District, which affirmed his convictions on July 30, 2013. The California Supreme Court denied his petition for review on October 16, 2013. Petitioner's appeal was based on the Sixth Amendment right to confront witnesses.

　　　Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court on

August 1, 2014. Petitioner asserted that this petition was to have been decided on November 1, 2014. Petitioner's petition for writ of habeas corpus in the state court was based on the Sixth Amendment right to assistance of counsel. The Court is not informed of the current disposition of the state habeas proceedings.

The instant petition raises the issue of the right to confront witnesses, which has been exhausted in the state court. However, Petitioner requests an order of stay and abeyance to permit him to exhaust the unexhausted ineffective assistance of counsel claim. Plaintiff does not give any other reason to support his request nor does he explain his delay in exhausting his unexhausted claim. Defendant argues that his request must be denied for lack of good cause and improper procedure.

## II.   DISCUSSION

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is

riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140.

The instant petition is not technically a mixed petition. It only raises one issue, the right to confront witnesses, which has been exhausted, and requests a stay in order to exhaust Petitioner's second issue, the right to effective assistance of counsel. The second, unexhausted issue is not discussed in this petition. Petitioner has not demonstrated good cause for his delay in exhausting his second claim. However, *Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. Petitioner has implied that the California Supreme Court has not yet denied review of his state court habeas claim. Accordingly, the Court will grant Petitioner's request for stay and abeyance under *Kelly*. Petitioner may seek to amend his unexhausted claim into the instant petition upon its resolution by the state court, provided that that claim is determined to be timely.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED:

1. The Court GRANTS Petitioner's request for stay and abeyance to permit exhaustion of claims pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003);

2. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state habeas proceedings;

3. Petitioner shall file an additional status report every ninety (90) days thereafter until the state habeas proceedings are concluded;

4. Petitioner shall notify the Court that the state habeas proceedings have ended within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claim by filing a motion to lift the stay and for leave to file an amended habeas petition setting forth all exhausted claims, and accompanied by the proposed amended petition;

5.	If Petitioner fails to comply with this Order, the Court will vacate the stay and proceed on Petitioner's exhausted claim only. At any time, Petitioner may file a motion to lift the stay and elect to proceed on the exhausted claim only.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                                      **/s/ Sandra M. Snyder**
                                                                                    UNITED STATES MAGISTRATE JUDGE